IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY WHITING and ELISA WHITING, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-905 |
| BANK OF AMERICA, N.A., and FREO TEXAS, LLC, | § § § § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending are Defendant Bank of America, N.A.'s Motion to Dismiss (Document No. 4), which Defendant FREO Texas, LLC has joined,[1] and Plaintiffs' Application for Preliminary Injunction (Document No. 24). After carefully considering the motions, response, reply, notice of supplemental authority, and applicable law, the Court concludes that Defendants' Motion to Dismiss should be granted.

I. Background

Plaintiffs Johnny Whiting and Elisa Whiting ("Plaintiffs") purchased a home at 3306 Coldwater Canyon Lane, Katy, Texas 77449 ("the Property") on May 5, 2008.[2] Plaintiffs executed a promissory

---

[1] Document No. 12.

[2] Document No. 1-3 at 8 of 106, 44 of 106.

note secured by a Deed of Trust ("Deed of Trust") on the Property in favor of Defendant Bank of America, N.A. ("Bank of America").[3] After Plaintiffs defaulted on their loan, Bank of America initiated foreclosure proceedings and ultimately sold the Property at a foreclosure sale to Defendant FREO Texas, LLC ("FREO") on July 2, 2013.[4]

Nine months after the foreclosure, Plaintiffs filed this case in state court alleging causes of action for: (1) violations of the Texas Property Code, lack of standing, and wrongful fore-closure; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief; (8) violations of the Truth in Lending Act ("TILA") and the Home Ownership Equity Protection Act ("HOEPA"); (9) violation of the Real Estate Settlement Practices Act ("RESPA"); and (10) rescission.[5]

---

[3] Id. at 8 of 106, 44 of 106.

[4] See id. at 3 of 106; Document No. 4-1 (Notice of Foreclosure Sale); Document No. 10 at 2 (Pls.' Resp.) ("Plaintiffs fell into default due to financial difficulties, and thereafter [Bank of America] began to initiate foreclosure activity. . . . The home was sold at foreclosure on July 2, 2013 to FREO Texas, LLC for $90,000.00.").

[5] Document No. 1-3 (Orig. Pet.). Although Plaintiffs named several other Defendants in their Original Petition, only Bank of America and FREO have made appearances, and Plaintiffs at the scheduling conference on August 29, 2014 dismissed without prejudice all claims against the other defendants, none of whom had been served. See Document No. 19 (Minute Order).

2

Defendants removed the case, and now move to dismiss for failure to state a claim.[6]

## II. Motion to Dismiss

A. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. See Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. See Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the

---

[6] Document Nos. 1, 4, 12.

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

B. Discussion

Plaintiffs at the scheduling conference on August 29, 2014 and in their subsequent Application for Preliminary Injunction have affirmatively abandoned their federal claims under the Truth in Lending Act, the Home Ownership Equity Protection Act, and the Real Estate Settlement Practices Act, and those claims are dismissed.[7]

1. Texas Property Code Violations

Plaintiffs allege that Defendants violated Texas Property Code Section 51.0075(e) because the April 3, 2013 Notice of Acceleration and Notice of Foreclosure Sale sent to Plaintiffs listed nineteen different substitute trustees, because it was unsigned, and because

---

[7] Document No. 24 at 2 of 9. ("Plaintiffs have waived all federal question claims brought in their original State Court Petition.").

the Notices of Sale filed in the county records were signed by a different person than the substitute trustee who conducted the sale.[8] None of these alleged facts, however, violates Section 51.0075(e), which provides in full that "[t]he name and a street address for a trustee or substitute trustees shall be disclosed on the notice [of sale] required by Section 51.002(b)." TEX. PROP. CODE § 51.0075(e). The Notice of Foreclosure Sale about which Plaintiffs complain contains the name and address for substitute trustees, including Wayne Wheat, whom Plaintiffs allege conducted the sale.[9] Accordingly, Defendants complied with the requirements of Section 51.0075(e).

Plaintiffs further allege that Defendants violated Section 51.002(b) of the Texas Property Code because "[n]o notice of the purported July 2013 sale was sent by certified mail to either plaintiff, and if it was it was not timely, nor was such purported sale posted at the courthouse or filed in the office of the county clerk."[10] Section 51.002(b) provides:

---

[8] Document No. 1-3 at 15 of 106; Document No. 10 at 12-14.

[9] Document No. 1-3 at 89 of 106.

[10] Id. at 15 of 106 to 16 of 106. Oddly, Plaintiffs also assert that "the purported Substitute Trustee for the *August 2009* sale, Wayne Wheat, was substituted within 21 days of the *August 2009* sale date, in violation of Texas law." Id. at 16 of 106, (emphasis added). However, all of Plaintiffs' other allegations are that the foreclosure sale was conducted July 2, 2013, and the 2009 allegation appears to be a *non sequitur*.

> Except as provided by Subsection (b-1), notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:
>
>> (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;
>>
>> (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and
>>
>> (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

TEX. PROP. CODE § 51.002(b). The Court takes judicial notice of the Notice of Foreclosure Sale filed with Harris County on June 10, 2013, at least 21 days before the July 2, 2013 sale,[11] and the Foreclosure Sale Deed and accompanying Affidavit--produced by Plaintiffs--stating that notice of the sale was posted on the Harris County courthouse and mailed by certified mail to Plaintiffs.[12] See Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir.

---

[11] Document No. 4-1.

[12] Document No. 1-3 at 56 of 106 to 58 of 106.

6

2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); <u>Associated Builders, Inc. v. Alabama Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974) (on motion to dismiss for failure to state a claim, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), FED. R. CIV. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.") (citation omitted). Accordingly, the pleading and documents properly considered on this motion establish that Defendants complied with the requirements of Section 51.002(b), and Plaintiffs have not stated a claim for violations of the Texas Property Code.

    2.     Wrongful Foreclosure / Lack of Standing to Foreclose

Plaintiffs allege that Defendants lack standing to foreclose on the Property because "Defendants, and each of them, have failed to perfect any security interest in the Property, or cannot prove to the court that they have a valid interest as a real party in interest to foreclose."[13] Relatedly, Plaintiffs allege that "the only individual who has standing to foreclose is the holder of the

---

[13] <u>Id.</u> at 16 of 106.

7

note," and that "[t]he only individuals who are the holder of the note are the certificate holders of the securitized trust because they are the end users and pay taxes on their interest gains."[14] However, the Deed of Trust, Notice of Acceleration, and Foreclosure Sale Deed--which Plaintiffs attach and incorporate into their Original Petition--uniformly identify Bank of America as the lender, beneficiary, mortgagee (both originally and at the time of foreclosure), and mortgage servicer of Plaintiffs' loan, with power to foreclose on the Property.[15] Accordingly, Plaintiffs' challenge to Bank of America's standing to foreclose fails. *See* <u>Martins v. BAC Home Loans Servicing, L.P.</u>, 722 F.3d 249, 255 (5th Cir. 2013) ("A deed of trust 'gives the lender as well as the beneficiary the right to invoke the power of sale,' even though it would not be possible for both to hold the note.") (citation omitted); *see also* TEX. PROP. CODE § 51.0025 ("A mortgage servicer may administer the foreclosure of property under Section 51.002 on behalf of a mortgagee . . ."); <u>id.</u> § 51.0001(3) ("'Mortgage servicer' means the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument. A mortgagee may be the mortgage servicer.").

Plaintiffs also allege that their loan "was securitized by [Bank of America], with the Note not being properly transferred to

---

[14] <u>Id.</u> at 17 of 106.

[15] <u>Id.</u> at 44 of 106, 56 of 106, 88 of 106.

8

Defendant, Ginnie Mae, acting as the Trustee for the Ginnie 2008-38 Trust Trust (sic) holding plaintiff's note," and that Defendants violated the Pooling and Servicing Agreement ("PSA") governing the securitization, depriving them of the right to foreclose on the property.[16] Assuming these allegations are true,[17] Plaintiffs do not allege that they are parties to or intended beneficiaries of the PSA, or that there are any facts to support such an allegation, and therefore Plaintiffs have no rights to enforce its terms. *See* Reinagel v. Deutsche Bank Nat. Trust Co., 735 F.3d 220, 228 (5th Cir. 2013) (rejecting claim that mortgage assignments are void for violating PSA, because plaintiffs, who were not party to the PSA and failed to state any facts indicating that the parties to the PSA intended to benefit plaintiffs, "have no right to enforce its terms"). Accordingly, Plaintiffs' claim for wrongful foreclosure based on lack of standing to foreclose is dismissed.

3. Fraud

Plaintiffs allege fraud in the concealment and fraud in the inducement, asserting that Defendants concealed the fact that the loans were securitized and misrepresented that they were entitled

---

[16] *Id.* at 8 of 106, 17 of 106.

[17] Defendants point out that "Plaintiffs provide no specific factual allegations that the Deed of Trust or Note in this case were ever pooled with other mortgage loans in a securitized transaction" or that it was subject to a PSA. Document No. 11 at 2-3.

9

to exercise the power of sale provision in the Deed of Trust.[18] Plaintiffs allege that Defendants engaged in this fraud in order to induce Plaintiffs to enter into a loan agreement with Defendants.[19] Because the loan agreement between Plaintiffs and Defendants originated in 2008, any fraudulent statements made or other conduct to induce Plaintiffs to enter into that 2008 loan agreement necessarily occurred no later than 2008. Thus, Defendants correctly argue, Plaintiffs' fraud claims, which were not alleged until March 2014, are time barred by the four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4) (four-year statute of limitations on fraud claims). Accordingly, Plaintiffs' claims for fraud in the concealment and fraud in the inducement are dismissed.[20]

4. Intentional Infliction of Emotional Distress

Plaintiffs allege that Defendants intentionally inflicted emotional distress on Plaintiffs by intentionally or recklessly misrepresenting that Defendants were entitled to exercise the power of sale provision in the Deed of Trust, in order to render

---

[18] Document No. 1-3 at 20 of 106 to 23 of 106.

[19] *Id.*

[20] It is worth noting that Plaintiffs in their Response opposing Defendants' Motion to Dismiss do not attempt to defend their allegations of fraud, intentional infliction of emotional distress, slander of title, or rescission. *See* Document No. 10.

Plaintiffs so emotionally distressed and debilitated as to be unable to exercise legal rights in the Property.[21] An intentional infliction of emotional distress claim has four elements: (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the resulting emotional distress was severe. Standard Fruit & Vegetable v. Johnson, 985 S.W.2d 62, 65 (Tex. 1998). "Extreme and outrageous conduct is conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Hoffman-La Roche Inc. v. Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004) (quoting Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1994)).

None of the specific conduct that Plaintiffs ascribe to Defendants is either extreme or outrageous. As discussed above, Plaintiffs' allegations fail to state a claim that Defendants were not entitled to foreclose on the Property, and Defendants' representation that they did have the power to foreclose was therefore not extreme or outrageous as a matter of law. See Wieler v. United Sav. Ass'n of Texas, FSB, 887 S.W.2d 155, 159 (Tex. App.-Texarkana 1994, writ denied) ("Clearly, a foreclosure sale that complies with the terms of the loan agreements and the applicable law would not justify a claim for intentional infliction

---

[21] Document No. 1-3 at 23 of 106 to 25 of 106.

11

of emotional distress."). Accordingly, Plaintiffs' claim for intentional infliction of emotional distress is dismissed.

    5.    Slander of Title

Plaintiffs allege that Defendants slandered Plaintiffs' title by recording documents including the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed, which falsely cast doubt on Plaintiffs' exclusive legal title to the Property.[22] To advance a claim of slander of title, Plaintiffs must allege: (1) the utterings and publishing of disparaging words; (2) that they were false; (3) that they were malicious; (4) that special damages were sustained thereby; (5) that the plaintiff possessed an estate or interest in the property disparaged; and (6) the loss of a specific sale. <u>Williams v. Jennings</u>, 755 S.W.2d 874, 879 (Tex. App.—Houston [14th Dist.] 1988, writ denied). Plaintiffs' allegation that the documents Defendants filed falsely disparaged Plaintiffs' title circuitously derives from their conclusory allegations that Defendants' foreclosure was wrongful. As already observed, however, Plaintiffs fail to state a claim for wrongful foreclosure. Regardless, Plaintiffs do not allege that they lost any specific sale of the property because of the filings, which is a necessary element of a slander of title claim. Accordingly, Plaintiffs' claim for slander of title is dismissed.

---

    [22] <u>Id.</u> at 25 of 106 to 27 of 106.

6.  Quiet Title

Plaintiffs seek to quiet title in their favor, alleging that Defendants are falsely claiming rights in the Property which cloud Plaintiffs' title to the Property.[23] "The elements of the claim for relief to quiet title are (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." Bell v. Bank of Am. Home Loan Servicing LP, 4:11-CV-02085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (Ellison, J.) (citing U.S. Nat. Bank Ass'n v. Johnson, 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.-Houston [1st Dist.] Dec. 30, 2011)). Plaintiffs "must allege right, title, or ownership in [themselves] with sufficient certainty to enable the court to see [they have] a right of ownership that will warrant judicial interference." Wright v. Matthews, 26 S.W.3d 575, 578 (Tex. App.-Beaumont 2000, pet. denied). Plaintiffs must recover on the strength of their own title, not on the weakness of their adversary's title. Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App.-Corpus Christi 2001, no pet.).

The facts pled by Plaintiffs together with the documents referred to that are central to Plaintiffs' claims demonstrate that Plaintiffs executed the Deed of Trust to secure payment of a

---

[23] Id. at 27 of 106 to 28 of 106.

purchase money note, that Plaintiffs fell into default, and that Bank of America sold the mortgaged property at foreclosure pursuant to the Deed of Trust. Plaintiffs have not asserted facts that support a plausible claim to their having superior title. Accordingly, Plaintiffs' quiet title action is dismissed.

7. Declaratory Judgment

Plaintiffs seek a declaratory judgment that Plaintiffs own the Property outright and that no Defendants have any interest in the Property.[24] Plaintiffs argue that "[t]he existing controversy between Plaintiffs and Defendant is the disputed right of Defendant to foreclose on the property in 2013."[25] As already discussed, Plaintiffs have not alleged facts to state a cause of action upon which relief can be granted that the foreclosure was wrongful. Accordingly, Plaintiffs' claim for a declaratory judgment is dismissed.

8. Rescission

Plaintiffs seek to "rescind the loan and all accompanying loan documents."[26] "Rescission is a remedy only and not an independent cause of action." Siens v. Trian, LLC, A-11-CV-075-AWA, 2014 WL

---

[24] Id. at 28 of 106 to 30 of 106.

[25] Document No. 10 at 23.

[26] Document No. 1-3 at 32 of 106 to 33 of 106.

14

1900737, at *5 (W.D. Tex. May 13, 2014) (citing Cantu v. Guerra & Moore, Ltd., LLP, 328 S.W.3d 1, 8 (Tex. App.-San Antonio 2009, no pet.)). Plaintiffs have not alleged facts demonstrating that they are entitled to rescission as an equitable remedy. See id. ("To the extent that [plaintiffs] claim they are entitled to the equitable remedy of rescission, they failed to plead facts sufficient to show that they are entitled to such relief" where plaintiffs "have not alleged that they are able or willing to return the money loaned to them to purchase the Subject Property"). Plaintiffs' rescission claim is therefore dismissed.

### III. Leave to Amend

Plaintiffs request in the alternative "to amend their pleadings at least one more time to remedy any defects." Plaintiffs have not submitted a proposed amendment or proffered any additional facts or claims that they would state in an amended complaint that would meet the requirements of Rule 11(b). Indeed, Plaintiffs commenced this case with an exhaustive petition 40 pages in length alleging the numerous claims listed on page two of this Memorandum. Plaintiffs later filed their 25 pages-long opposition to the present motion in which they argued at length in defense of what they regarded as their best claims. In their most recent filing a month ago, an Application for Preliminary Injunction (Document No. 24), Plaintiffs state that Plaintiffs'

15

> surviving allegations from [their] State Court Petition are state law claims for: (1) declaratory relief to set aside the foreclosure sale for violations of the Texas Property Code; (2) declaratory relief to set aside the foreclosure sale for lack of standing as a real party in interest to foreclose; (3) common law fraud; and (4) common law rescission. Plaintiffs have waived all federal question claims brought in their original State Court Petition.

As seen above, Plaintiffs' four remaining allegations state no cause of action upon which relief can be granted, and are not susceptible to being pled better because of the controlling documents, precedent, and time bar. Plaintiffs have no wrongful foreclosure claim--based on either violations of the Texas Property Code or the notion that Bank of America had no standing to foreclose--because of the content of the controlling mortgage documents submitted in the filings on this motion and central to Plaintiffs' claims, and the legal precedents set forth above. Plaintiffs' common law fraud claims are doomed as time barred, and Plaintiffs' "common law rescission" is not a claim at all but merely a remedy to which Plaintiffs have stated no claim for which such relief can be granted. It would be futile to allow Plaintiffs yet another round of flawed pleading and briefing that cannot overcome the dispositive force of the documents exhibited by Plaintiffs themselves and controlling legal precedents.

Given the futility of any prospective amendment and failure of Plaintiffs to demonstrate otherwise, it is not in the interest of justice to allow an amended complaint. FED. R. CIV. P. 15(a)(2);

16

see <u>Sigaran v. U.S. Bank National Association</u>, 560 F. Appx. 410 (5th Cir. 2014) ("A district court acts within [its] discretion when it denies leave to amend because any amendment would be futile. Amending a complaint is futile when 'the proposed amendment . . . could not survive a motion to dismiss,' or when 'the theory presented in the amendment lacks legal foundation.'") (internal citations omitted). As in <u>Sigaran</u>, "all of [Plaintiffs'] claims are either foreclosed by precedent, time-barred, or waived. They have never explained . . . how they could amend their complaint to avoid these problems." <u>Id.</u> Plaintiffs' request to amend is DENIED.

## IV. Order

For the foregoing reasons, it is

ORDERED that Defendant Bank of America, N.A.'s Motion to Dismiss (Document No. 4), which Defendant FREO Texas, LLC has joined, is GRANTED, and Plaintiffs' cause is DISMISSED with PREJUDICE for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 6TH day of October, 2014.

*[signature]*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE